# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:24-cv-524-SCR

| | |
|---|---|
| **KRISTIN L. WARE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **HONEYWELL INTERNATIONAL, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CONSENT PROTECTIVE ORDER

It is hereby ORDERED by the Court that the following restrictions and procedures shall apply to certain information, documents and excerpts from documents, as well as deposition testimony, supplied by the parties to each other in response to discovery requests:

1. Counsel for any party may designate any document or information contained in a document as confidential, or any testimony given during a deposition, if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." "CONFIDENTIAL" information or documents may be referred to collectively as "confidential information." Confidential designations for testimony can be made while the testimony is given or can be made by page and line within thirty (30) days after receipt of the copy of the transcript to the court reporter with a copy of the request to the non-designating party. Unless otherwise agreed by the Parties, all transcripts of testimony from depositions of any witness taken in this

action shall be deemed confidential for the first thirty (30) days after receipt of a copy of said transcript by counsel for the Parties.

    a.    "Confidential Information" means and includes the following:

        i.    information that constitutes confidential, proprietary, or financial business information, trade secrets, strategic business records, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party;

        ii.    information regarding or other documents containing private employment-related information, health-related information, spouse and other dependent information, and all personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments and bank account information or wage-related information;

        iii.    medical records and reports; psychological records and reports; photographs, x-rays or illustrations, or other personal health-related information regarding Plaintiff or any other individual about whom such information is discovered; and

        iv.    federal or state income tax returns or other financial information of any party.

    2.    Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action or any appeal taken from a final judgment entered in the case.

3. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

4. Information or documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees or contractors of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information;

    e. The Court, court personnel, or the jury at trial; and

    f. Any mediator retained by all affected parties, including such mediator's staff, provided the disclosure is made in the course of mediation.

5. Prior to disclosing or displaying the confidential information to any person other than the Court or jury at trial, counsel shall:

    a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and

c. obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as **Exhibit A**.

6. If any party inadvertently fails to designate any material as confidential information preproduction, it may correct its error at any time utilizing the following procedures. Upon learning that confidential information was produced without the appropriate designation, the producing party will immediately provide notice of the omission to the receiving party and, at the producing party's option, either provide substituted copies of the confidential information appropriately marked or instruct the receiving party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the receiving party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that party's control (*e.g.*, retained consultants) to the designating party or to otherwise destroy the unmarked materials within ten (10) business days of any written notice of an omitted designation, or to make all reasonable efforts to label the confidential information appropriately as requested by the designating party.

7. It is understood by the parties that any documents which become part of an official judicial proceeding, or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law.

8. A Party that desires to file with the Court before trial any information or material that another Party has designated as Confidential ("the Designated Material") shall, before filing any Designated Material, confer with the Producing Party to obtain that party's position as to how much of the materials, if any, can be filed publicly. If the parties can agree, the documents will be filed, as agreed upon, in redacted form. Otherwise, the document or information will be filed under seal along with a separate motion to seal the document. Any party seeking to keep the information from being filed publicly will have the burden of showing that the information is protected from public disclosure under the applicable standards. Under no circumstances will any unredacted Designated Material be publicly filed without either consent of both parties or the Court's order upon an appropriate motion.

9. The inadvertent production of attorney-client privileged material, attorney work product material, or material subject to any other privilege by law ("Privileged Material") does not constitute a waiver of any privilege. "Inadvertent production" means production that was unintentional, accidental or resulted from mistake or inadvertence; or for any other good faith reason that previously produced information should be deemed privileged. If a producing party discovers it inadvertently produced Privileged Material in this case, the producing party shall promptly make a good-faith representation that such production was inadvertent and request that the receiving party return or destroy the specific information. Unless there is a good faith dispute about whether the disclosure contained Privileged Material, the Party who inadvertently received such Privileged Material must cease any further review of the Privileged Material, collect and destroy any and all copies of the Privileged Material (or return it if possible and requested), and not use or disclose the information further.

10. Ultimate disposition of protected materials is subject to final order of the Court upon completion of this litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Information, the parties agree that counsel for each party shall, not later than forty-five (45) days after the termination of this litigation, collect from any experts, consultants or third party witnesses to whom any documents containing Confidential Information were disclosed pursuant to the terms of this Order, any and all documents containing Confidential Information, including without limitation, any copies or excerpts of such documents.  Counsel of record for each party shall be permitted to retain in their files a copy of all documents containing information subject to this Order obtained during the course of this litigation, pursuant to the North Carolina Rules of Professional Conduct; provided, however, the prohibitions against the use or disclosure of Confidential Information as set forth above shall continue to apply to said counsel.

11. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

12. The Court shall strictly enforce this Order, and any violation is punishable by the Court's contempt power, including the imposition of monetary sanctions.

**SO ORDERED**.

Signed: September 3, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of **Kristin L. Ware v. Honeywell International, Inc.** and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

I also agree to return to counsel of record not later than forty-five (45) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

Name: _____

Date: _____